Formal Opinion No. 98-F2 Hon. James W. McMahon Superintendent New York State Police State Campus, Bldg 22 Albany, N Y 12226-2252
Dear Superintendent McMahon:
You have asked whether physicians who perform various services for the Division are eligible for defense and indemnification under Public Officers Law § 17. The request submitted by your counsel and subsequent telephone conversations with your staff indicate that you have a Division Physician and a number of other physicians performing a variety of tasks. You state that many, but not all, of the subsidiary physicians who perform services for the Division have been appointed Assistant Division Physicians under Executive Law § 215. That provision states in part:
 The superintendent may also appoint a division physician who shall be the medical consultant and chief medical examiner of the New York state police, and assistant division physicians each of whom shall be an assistant medical consultant and assistant chief medical examiner of the New York state police.
You have stated that the services the doctors provide include examining candidates prior to appointment to the position of trooper, examining current members to determine their fitness to return to duty after illness or injury, and reviewing medical records provided by treating physicians to advise the Division concerning a member's medical status.
You also have advised us that all of the services performed by the Assistant Division Physicians and other doctors are overseen by the Division Physician, who reviews each medical determination made. Some of the physicians provide services to the Division on a recurring basis, for example by conducting candidate physicals at regular intervals, and others provide services as needed. The Division Physician, the physicians who are appointed Assistant Division Physician and those who serve without formal appointment are not paid a salary by the Division. All are compensated on either an hourly or per service basis. All of the physicians, including the Division Physician, are paid by State voucher and the Division does not withhold taxes, deduct pension contributions or provide workers' compensation coverage for them.
Section 17 of the Public Officers Law provides in certain circumstances for defense and indemnification of an "employee", which in part is defined to mean "any person holding a position by election, appointment or employment in the service of the state . . . but shall not include an independent contractor". In a prior opinion concerning a similar situation, we concluded that health care professionals serving as consultants to the Department of Health were independent contractors. Op Atty Gen No. 97-F1. The consultants advised the Department whether particular requested services fell within the scope of Medicaid benefits and were appropriate based on the diagnosis of the patient. Some of them provided services on a set schedule while others provided services only upon request. The consultants were paid on an hourly basis by voucher, and no deductions were made for withholding taxes, fringe benefits or retirement contributions. Moreover, the consultants provided independent opinions about the appropriateness of proposed treatments and therefore were not subject to the direct control of the Department.
We concluded, based upon all of these factors, that the consultants were independent contractors. We went on to note that the consultants could, however, be eligible for defense and indemnification if they fell within the provisions of Public Health Law § 14, which expressly applies Public Officers Law § 17 to specified health care professionals who render treatment or consultation at the request of the Department. By statute, these independent contractors were covered.
In 1977 Op Atty Gen 47, we concluded that experts employed by the Education Department in disciplinary proceedings were independent contractors because they were retained and paid as needed on a per diem basis, were not included in the payroll but were paid by voucher, and were not granted fringe benefits or workers' compensation coverage. Similarly, we found consultants hired by the Education Department to assist in the review of doctoral program curricula to be independent contractors because they were not on the payroll and were paid on a fee for service basis. 1988 Op Atty Gen 22.
Underlying all of these opinions is the concept that an employee works under the supervision and control of an employer who directs the manner in which the employee's work shall be done. See, 1979 Op Atty Gen 57. When there is no direct control over the manner in which work is performed, the worker is classified as a consultant or independent contractor.
We conclude that, like the consultants for the Health Department and Education Department discussed above, the physicians who render services to the Division are independent contractors. The character of their relationship to the Division is not altered by the fact that some of them are given a statutory title. Indeed, the statute identifies them as consultants. Executive Law § 215. The physicians are paid by voucher on a per-service or hourly fee basis and are not on salary. The Division makes no arrangement for withholding taxes, fringe benefits, pension contributions or workers' compensation coverage. The physicians make medical judgments about the condition of candidates and members of the Division. The Division Physician makes the ultimate medical determination in every case. The Division relies upon the physicians' medical judgments and does not directly control the manner in which they perform their tasks.
We conclude that physicians who perform services for the Division of State Police, including the Division Physician, Assistant Division Physicians and those who have no statutory title, are not eligible for defense and indemnification under the provisions of Public Officers Law § 17. We also note that there currently is no statutory provision comparable to Public Health Law § 14 that would bring these physicians within the coverage of section 17. You may wish to consider seeking such legislation.
Very truly yours,
DENNIS C. VACCO
Attorney General